**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| MYRON N. CRISDON, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 25-1351 (KMW-SAK) |
| MICHAEL S. GREENBLATT, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Complaint (ECF No. 1); Motion to Expedite the Proceedings (ECF No. 2); Motion in Limine (ECF No. 3); Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 5) pursuant to 28 U.S.C. § 1915(a)(1); and Motion to Compel rulings on the foregoing applications (ECF No. 7); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income or expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court grants the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief,

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint (ECF No. 5) is dismissed without prejudice.

On February 5, 2025, Plaintiff commenced this action against Michael S. Greenblatt ("Greenblatt"), his former landlord's attorney, alleging that Greenblatt: (1) violated ABA Model Rule 3.3 (Candor Toward the Tribunal) for failing to report Judge Richard Wells' alleged "judicial misconduct" in overseeing Plaintiff's eviction proceedings[2]; (2) committed fraud upon the court in violation of Fed. R. Civ. P. 60 (d)(3) and 18 U.S.C. § 1001 for the same alleged judicial misconduct; and (3) conspired with Judge Wells in violation of 42 U.S.C. § 1983 to deprive Plaintiff of his due process rights. (ECF No. 1 at 3-4.) Each of Plaintiff's claims is addressed in turn below.

## I.    <u>FRAUD UPON THE COURT.</u>

Plaintiff's second count alleges violations of 18 U.S.C. § 1001 and Fed. R. Civ. P. 60(d)(3). (ECF No. 1.) 18 U.S.C. § 1001 states:

> (a) Except as otherwise provided in this section, whoever, in *any matter within the jurisdiction of the* executive, legislative, or *judicial branch of the Government of the United States*, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

---

[2] To file a grievance against a New Jersey barred attorney, Plaintiff is directed to the New Jersey Court's website that outlines how to file a complaint. *See* https://www.njcourts.gov/attorneys/attorney-ethics-and-discipline/file-ethics-grievance. Attorney discipline is generally administered by the State in which an attorney is barred, and in New Jersey the Office of Attorney Ethics is "the investigative and prosecutorial arm of the Supreme Court of New Jersey [that] manages 18 district ethics committees and . . . handles serious, emergent and complex disciplinary prosecutions." *In re Telfair*, 745 F. Supp. 2d 536, 563 (D.N.J. 2010).

18 U.S.C. § 1001 (emphasis added). Here, Plaintiff's cause of action for fraud on the court does not concern a matter "within the jurisdiction of the . . . judicial branch of the United States," but a matter within the jurisdiction of the state superior court. Likewise, Plaintiff brings this claim pursuant to Fed. R. Civ. P. 60, which pertains to a relief from a <u>federal</u> court judgment—not a state court judgment. *See* Fed. R. Civ. P. 60.

Accordingly, Plaintiff's second cause of action is dismissed with prejudice.

## II.    <u>CONSPIRACY TO COMMIT JUDICIAL MISCONDUCT</u>.

Next, Plaintiff asserts that Defendant conspired with Judge Wells in violation of 42 U.S.C. § 1983, ("§ 1983"), to deprive Plaintiff of his due process rights.  To prevail on a claim pursuant to § 1983, "a plaintiff must prove that his constitutional rights were violated by someone acting under color of state law." *Rodriguez v. Fajardo*, No. 06-4996, 2007 WL 1959254 at *7 (D.N.J. Jul. 3, 2007) (internal citations and quotations omitted).  § 1983 can apply to private parties in limited circumstances.  A private party will be treated as a "state actor" if: the private entity exercised powers that are traditionally exclusive to the state, or the private party "acted with the help of or in concert with state officials," or if the state has "so far insinuated itself in a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Lentz v. Taylor*, No. 17-4515, 2019 WL 1091392 at *4 (D.N.J. Mar. 8, 2019) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)).  Regarding conspiracy, there must be sufficient factual matter to support an inference that there was a conspiratorial agreement: there must be "some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action." *Voth v. Hoffman*, No. 14-7582, 2016 U.S. Dist. LEXIS 57289 at

3

*28 (D.N.J. Apr. 28, 2016).[3]  It is important to note that "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with [a] judge."  *See Denis v. Sparks*, 449 U.S. 24, 28 (1980).

Here, Plaintiff asserts conspiracy to commit judicial misconduct pursuant to § 1983 against Defendant, who was the attorney of Plaintiff's former landlord in Plaintiff's state eviction matter. He contends that the hearing was fraudulent and unconstitutional because Judge Wells allegedly "[r]eversed the roles of the parties, mislabeling Plaintiff as the defendant," "[i]gnored indisputable evidence of Plaintiff's legal residency," and "[i]ssued a baseless ruling in favor of Defendant's client, despite the lack of an ejectment order."  Compl. at ¶ 10.  Essentially, Plaintiff believes that Defendant was obligated and failed to report what Plaintiff believes was judicial misconduct.  *See id*. at ¶ 12 ("Defendant had a clear duty to report Judge Wells' fraudulent and unconstitutional conduct but instead: [r]emained silent and allowed fraud upon the court to continue[,] [a]ctively participated in the wrongful eviction proceedings[,] [a]ided and abetted judicial misconduct by failing to challenge the ruling or notify proper authorities.").

These allegations fail to show the required conspiratorial agreement.  While Plaintiff asserts that Defendant failed to react to what Plaintiff perceived as misconduct, he does not assert that Defendant and Judge Wells had a predetermined agreement or plot against him, nor does Plaintiff's assertions suggest that what he observed of Defendant was "concerted action."  From Plaintiff's description, Defendant simply did not react to what Plaintiff perceived as judicial errors.

Moreover, Plaintiff fails to give any details to demonstrate how Defendant "[a]ctively participated in the wrongful eviction proceedings," details that are necessary for the Court to

---

[3] A conspiracy claim arising under § 1983 is a way for "§ 1983 liability [to] be imputed to those who have not actually performed the act denying constitutional rights." *Id.* Importantly, however, such a claim is not actionable "without an actual violation of § 1983." *Id.*

4

determine whether the private party exercised powers that are traditionally exclusive to the state, or the private party "acted with the help of or in concert with state officials," or if the state has "so far insinuated itself in a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Lentz v. Taylor*, No. 17-4515, 2019 WL 1091392 at *4 (D.N.J. Mar. 8, 2019). Plaintiff's conclusory statement of active participation, without more, is insufficient to state a claim pursuant to § 1983.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for which relief can be granted pursuant to § 1983.[4]    However, the Court will permit Plaintiff to amend his Complaint as to this claim only. Therefore,

**IT IS** on this �~ day of **July, 2025,** hereby

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and further

**ORDERED** that Plaintiff's claim of fraud upon the court is **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that Plaintiff's claim pursuant to § 1983 is **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff has thirty (30) days to amend his Complaint to address the deficiencies as discussed in this Memorandum Opinion and Order; and further

**ORDERED** that Plaintiff's Motion to Expedite Proceedings (ECF No. 2), Motion in Limine (ECF No. 3), and Motion to Compel (ECF No. 7) are **DENIED AS MOOT**; and further

---

[4] Plaintiff also asserts that his judicial misconduct claim involves 18 U.S.C. § 241, which "is a criminal statute that prohibits two or more people from conspiring 'to injure, oppress, threaten, or intimidate any person ... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution[.]'" *Smith v. Madison Suites Hotel LLC*, No. 24-9891, 2024 WL 4591531, at *2 (D.N.J. Oct. 28, 2024) (quoting 18 U.S.C. § 241). This statute does not provide for a private right of action, which means Plaintiff cannot file a court case pursuant to this statute, and as such any case pursuant to 18 U.S.C. § 241 must be brought through the appropriate prosecutorial authorities.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE